NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0345n.06

No. 13-3871

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 30, 2014
DEBORAH S. HUNT, Clerk

RACHIK SARKISOVICH ALEKSANYAN,            )
                                          )
          Petitioner,                     )
                                          )   ON PETITION FOR REVIEW
v.                                        )   FROM THE UNITED STATES
                                          )   BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,    )   APPEALS
                                          )
          Respondent.                     )
                                          )
                                          )


          BEFORE:  MERRITT, COOK, and DONALD, Circuit Judges.


          PER CURIAM.  Rachik Sarkisovich Aleksanyan petitions for review of an order of the

Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his

application for asylum and withholding of removal.

          Aleksanyan is a native and citizen of Uzbekistan.  He entered the United States in June

2008.  In July 2008, Aleksanyan filed an application for asylum and withholding of removal,

alleging that, if he is returned to Uzbekistan, he will be persecuted on account of his Jewish faith.

The IJ denied Aleksanyan relief, concluding that his testimony lacked credibility and that his

other evidence was insufficient to establish entitlement to asylum or withholding of removal.

The BIA affirmed the IJ's decision.

          On appeal, Aleksanyan argues that the IJ and BIA erred by concluding that his testimony

was not credible and that his evidence was insufficient to warrant relief.  Because the BIA

adopted and supplemented the IJ's decision, we review the IJ's opinion in conjunction with the BIA's additional comments. *See Abdurakhmanov v. Holder*, 735 F.3d 341, 344-45 (6th Cir. 2012). We review legal conclusions de novo and factual findings for substantial evidence. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial evidence standard, administrative findings of fact and credibility determinations are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.* Credibility determinations must be based on the totality of the circumstances. *El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009).

The discrepancies between Aleksanyan's testimony and other evidence in the record provided substantial evidence to support the IJ's adverse credibility finding. For example, Aleksanyan gave conflicting testimony concerning whether he had traveled abroad during his stay in England from 2005 to 2007. Aleksanyan initially testified that he never left the country, but then acknowledged that he had traveled to Moscow for several weeks during that time. When confronted with a copy of his passport showing that he traveled to Uzbekistan in 2006, Aleksanyan claimed that it was impossible, but then explained that he had sent his passport to Uzbekistan to extend his right to visit other countries. Finally, Aleksanyan gave conflicting testimony about an incident in which he was allegedly attacked in October 2007. He initially testified that he had discussed the incident with police when they visited him in the hospital, but then testified that he had not been in contact with police until he appeared in court on a later date. That testimony also conflicted with the assertion in Aleksanyan's personal statement that he had reported the incident sometime after he had left the hospital but before his court date to the police.

Given the proper adverse credibility finding and the lack of evidence otherwise demonstrating Aleksanyan's past persecution or fear of persecution in the future, we find that substantial evidence supported the determination that Aleksanyan was ineligible for asylum. For the foregoing reasons, Aleksanyan did not satisfy the higher standard for withholding of removal either. *See Ceraj v. Mukasey*, 511 F.3d 583, 594 (6th Cir. 2007).

Accordingly, we deny Aleksanyan's petition for review.